UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WILLIAM EMERY LeBLANC,

           Petitioner,

Case No. 1:02-CV-594

v.

Hon. Richard Alan Enslen

MARY BERGHUIS,

**ORDER**

           Respondent.
_____/

     This matter is before the Court on two motions by counsel for Petitioner William Emery LeBlanc.  Both motions may be readily resolved even though unanswered.[1]

     Petitioner's first motion seeks relief from the Final Order denying habeas relief.  This motion was filed within ten days of the Final Order so that it qualifies for the more liberal standards pertinent under Federal Rule of Civil Procedure 59(e).  Notwithstanding, relief is unwarranted.  Petitioner's first argument is that the Court has mis-characterized a set of letters which were not introduced at a *Ginther* hearing.  This premise is false.  The Court correctly referred to those letters as referenced at the hearing by the trial judge, but not introduced at the hearing.  (Op. at 7.)  Petitioner argues that the letters were "introduced before the hearing" but does not satisfactorily explain how those letters could have been introduced without an express ruling on the record.  Petitioner's second argument is that under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), one cannot decide a legitimate trial strategy concerning the use of prospective witnesses without first

_____

[1]The Court notices from its past experience that the Michigan Attorney General's office often fails to respond to motions and objections.  Though responses were unnecessary in this case, this practice is not befitting of counsel or counsel's duties on behalf of Michigan citizens.

interviewing the witnesses.  This argument relies upon a correct premise, that a valid strategic

decision must be supported by proper investigation, but it misunderstands the record and the premise

of the strategic decision--that by affording any weight to expert testimony (since the prosecution

heavily relied upon such testimony), the case would be lost to the jury.  This was a valid strategic

decision, and additional witness interview was unnecessary, because defense counsel was familiar

with the kind of information such an interview would yield.  Additionally, the argument about

"contradicting" the prosecution witness is overstated as the Court explained in its prior Opinion.

(Op. at 6.)  Therefore, the Motion to Alter or Amend should be denied.

Petitioner's Motion to Appoint Substitute Counsel asks for a Criminal Justice Act

appointment pursuant to 18 U.S.C. § 3006A(a)(2)(B) for counsel on appeal.  Such appointment is

proper because "the interest of justice so requires"–given that retained counsel has exhausted client

funds, the client is indigent, and the section 2254 petition is one warranting further analysis on

appeal.  As such, the Motion for Appointment of Counsel will be granted.

**THEREFORE, IT IS HEREBY ORDERED** that Petitoner William Emery LeBlanc's

Motion to Alter or Amend (Dkt. No. 59) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Substitute Counsel (Dkt.

No. 61) is **GRANTED** and the Federal Public Defender for this district or his designee is appointed

to represent Petitioner in the above captioned case on appeal.

**IT IS FURTHER ORDERED** that the Clerk shall immediately notify the Federal Public

Defender of the appointment and the necessity of filing a timely notice of appeal.

                                                   /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:              RICHARD ALAN ENSLEN
        December 2, 2005                   SENIOR UNITED STATES DISTRICT JUDGE