UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WILLIAM EMERY LEBLANC,

        Petitioner,

v.

MARY BERGHUIS,

        Respondent.
_____/

Case No. 1:02-CV-594

Hon. Richard Alan Enslen

**OPINION**

      This matter is before the Court on Petitioner William Emery LeBlanc's Motion for Relief from Judgment. For the reasons which follow, the Motion will be denied, but the supporting affidavit of the attorney will be referred for investigation of appropriate sanctions for violation of the Michigan Rules of Professional Conduct.

**BACKGROUND**

      Petitioner was denied habeas corpus relief by Final Order of September 12, 2005. The Opinion and Final Order of that date, however, determined that a certificate of appealability should issue, notwithstanding the denial of relief. The Opinion provided in pertinent part that, ". . . the record of this case is one which prompts ready disagreement between reviewing courts and jurists . . . . [A] certificate of appealability will be granted . . . . [T]he Court also declines bail, but will urge the Court of Appeals to act promptly on appeal." (Op. 12-13.) By Order of December 2, 2005, the Court denied the reconsideration motion (which recommended the expiration of the appeal time period), but at the same time granted Petitioner's Motion for Appointment of Substitute Counsel under 18 U.S.C. § 3006A for the purpose of assisting Petitioner on appeal.

New counsel Paul L. Nelson first appeared on December 5, 2005. Nelson was authorized by Order of December 23, 2005 to remove the court file to inspect and copy records. According to the Clerk's notation, the file was returned and re-shelved on January 4, 2006.

Despite his appointment, attorney Nelson did not file a notice of appeal within the 30-day appeal period specified by Federal Rule of Appellate Procedure 4(a)(1). He also did not file any extension motion for an additional 30 days specified by Rule 4(a)(5). According to Nelson's Affidavit, "the notice of appeal was not filed through inadvertence or oversight." (Nelson Aff. ¶ 3.) According to Nelson's Affidavit, he took no other steps regarding the matter until September 25, 2006 when he received a voice-mail message from Mr. LeBlanc's wife, to the effect that she had reviewed the file and discovered that a notice of appeal had not been filed. (*Id.* at ¶ 6.) The file is a public record and does show on its face that no notice of appeal was filed. Nelson had, prior to that telephone call, relied upon an internal office listing of the case as "Awaiting Briefing," which he interpreted without investigation as meaning that the Sixth Circuit would be issuing a briefing schedule for a pending appeal. (*Id.* at ¶ 4.)

Nelson does not explain, however, how he could have <u>within the bounds of professional competence</u> reached the conclusion that an appeal was pending when he himself failed to file the notice of appeal and "failed to confirm that a notice of appeal had been filed." (*Id* at ¶ 3.) He certainly does not explain how he, <u>within the bounds of professional competence</u>, could have waited for more than a year from entry of the Final Order without checking either the status of the supposed appeal with the Sixth Circuit or the District Court docket of the case assigned to him.

On October 3, 2006, Nelson filed on Petitioner's behalf the instant Motion seeking relief under Federal Rule of Civil Procedure 60(b)(1) and (6).

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. . . .

Fed. R. Civ. P. 60(b) (West Pub. Co. 2006).

**LEGAL ANALYSIS**

**1. Rule 60(b)(1)**

Rule 60(b)(1) is certainly pertinent since it authorizes relief in cases of "mistake, inadvertence, surprise or excusable neglect." Notwithstanding the admitted mistake by Petitioner's counsel, such motions must be filed within a "reasonable time" as stated in the Rule. The Rule also imposes an upward limit of "one year after the entry of [the] judgment [or] order . . . was entered . . . ." for motions made under subsections (b) "(1), (2) and (3) . . . ." In this case, the "one year" clock struck at 12 midnight on September 13, 2006. *See* Fed. R. Civ. P. 6(a) (excluding day of entry, but counting day of deadline). The Rule 60(b) motion filed on October 3, 2006 came too late since the Rule does not permit (b)(1) relief so belatedly. The neglect at issue is also not excusable as a matter of professional ethical and competence standards.

In so holding, the Court distinguishes the case of *Lewis v. Alexander,* 987 F.2d 392, 397 (6th Cir. 1993). In *Lewis*, the attorney at issue attempted to file the notice of appeal within the required time period, but was frustrated by either the Clerk's office or post office. The attorney in *Lewis* took immediate action after the deadline for notice of appeal extensions had expired and moved for relief under Rule 60(b)(1) relief, which was granted, within the one-year (b)(1) time limit. In short, *Lewis* involved a case wherein the neglect was excusable and the delay did not exceed the one-year time period under Rule 60(b)(1). Furthermore, the *Lewis* decision was later criticized by the Sixth Circuit in *FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 684-85 (6th Cir. 1999). *Lewis* was on the one hand criticized for ignoring the limitation contained in Federal Rule of Appellate Procedure 4(a)(6), which limits such relief to no more than 180 days from the entry of the underlying judgment or order. *Id. Lewis* was also distinguished as a case involving excusable neglect. *Id.* Both conclusions of the *FHC Equities* case apply here.

**2. Rule 60(b)(6)**

Rule 60(b)(6) permits relief for "any other reason justifying relief from the operation of the judgment." This provision is not subject to the one-year motion filing deadline. This provision has been explained by the Supreme Court as a narrow authorization intended for "extraordinary" cases, such as a party who received a judgment based on a document that was later determined to be fraudulent. The Rule does not permit relief for a case of "neglect" since neglect provisions falls within (b)(1) and the (b)(1) restrictions, including time limits.

Although it may be argued that a client should not be penalized for the neglect of counsel, the Supreme Court has determined otherwise. The following quotation gives its interpretations of the Rule 60(b)(6) provision based on its interpretation of a parallel Bankruptcy Rule:

The same is true of Rule 60(b)(1), which permits courts to reopen judgments for reasons of "mistake, inadvertence, surprise, or excusable neglect," but only on motion made within one year of the judgment. Rule 60(b)(6) goes further, however, and empowers the court to reopen a judgment even after one year has passed for "any other reason justifying relief from the operation of the judgment." These provisions are mutually exclusive, and thus a party who failed to take timely action due to "excusable neglect" may not seek relief more than a year after the judgment by resorting to subsection (6). . . . To justify relief under subsection (6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay. . . . If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable.

In *Klapprott,* for example, the petitioner had been effectively prevented from taking a timely appeal of a judgment by incarceration, ill health, and other factors beyond his reasonable control. Four years after a default judgment had been entered against him, he sought to reopen the matter under Rule 60(b) and was permitted to do so. As explained by Justice Black:

> It is contended that the one-year limitation [of subsection (1) ] bars petitioner on the premise that the petition to set aside the judgment showed, at most, nothing but "excusable neglect." And of course, the one-year limitation would control if no more than "neglect" was disclosed by the petition. In that event the petitioner could not avail himself of the broad "any other reason" clause of 60(b). But petitioner's allegations set up an extraordinary situation which cannot fairly or logically be classified as mere 'neglect' on his part. The undenied facts set out in the petition reveal far more than a failure to defend . . . due to inadvertence, indifference, or careless disregard of consequences.. . . .

Justice Frankfurter, although dissenting on other grounds, agreed that Klapprott's allegations of *inability* to comply with earlier deadlines took his case outside the scope of "excusable neglect" "because 'neglect' in the context of its subject matter carries the idea of negligence and not merely of non-action." . . . .

Thus, at least for purposes of Rule 60(b), "excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. Because of the language and structure of Rule 60(b), a party's failure to file on time for reasons beyond his or her control is not considered to constitute "neglect." . . .

This leaves, of course, the Rule's requirement that the party's neglect of the bar date be "excusable." It is this requirement that we believe will deter creditors or other parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve under Rule 9006(b)(1). . . .

> There is one aspect of the Court of Appeals' analysis, however, with which we disagree. The Court of Appeals suggested that it would be inappropriate to penalize respondents for the omissions of their attorney, reasoning that "the ultimate responsibility of filing the . . . proof[s] of clai[m] rested with [respondents'] counsel." . . . The court also appeared to focus its analysis on whether respondents did all they reasonably could in policing the conduct of their attorney, rather than on whether their attorney, as respondents' agent, did all he reasonably could to comply with the court-ordered bar date. In this, the court erred.
>
> In other contexts, we have held that clients must be held accountable for the acts and omissions of their attorneys. . . . Consequently, in determining whether respondents' failure to file their proofs of claim prior to the bar date was excusable, the proper focus is upon whether the neglect of respondents *and their counsel* was excusable.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393-97 (1993) (citations omitted). *See also Ackermann v. United States*, 340 U.S. 193, 201-02 (1950) (reaching similar holding); *Gonzalez v. Crosby*, 125 S. Ct. 2641, 2649-50 (U.S. 2005) (discussing application of Rule 60(b) to habeas cases).

Three significant differences between the instant case and the *Pioneer* case are that the instant case concerns a case of appointed counsel (*i.e.*, counsel is not a chosen agent), the instant case involves habeas relief, and the instant case involves the jurisdictional period for taking an appeal (which is expressly regulated by Federal Rule of Appellate Procedure 4 and Federal Rule of Civil Procedure 77(d)).

Several federal habeas cases have considered the above circumstances. In each of those cases, however, the courts have rejected relief under Rule 60(b)(1) and (6) particularly when sought long after judgment.

In *Dunn v. Cockrell*, 302 F.3d 491, 493-94 (5th Cir. 2002), the Fifth Circuit held that negligence by counsel in failing to timely appeal a denial of habeas relief may not be corrected by a Rule 60(b) order which permits the re-entry of the order for the sole purpose of overcoming the

negligence when the re-entry date is outside of the extension period permitted under Federal Rule of Appellate Procedure 4(a)(5). In *Dunn*, the Rule 60(b) Motion was filed just more than six months after the order sought to be appealed.

In *Jackson v. Crosby*, 437 F.3d 1290 (11th Cir. 2006), the Eleventh Circuit followed the *Dunn* holding. *Jackson* concerned another case of attorney negligence in failing to timely appeal a denial of habeas relief. In *Jackson*, the Rule 59 motion (later construed as a Rule 60 motion) was filed, similar to the present case, just more than a year after the entry of the final order denying relief. The *Jackson* Court held that the habeas petitioner's position (that relief was warranted under Rule 60) was not even "debatable" and thus denied both relief and a certificate of appealability.[1]

Other unpublished decisions involving habeas petitioners, including from the Sixth Circuit, support the above conclusions. *See Braggs v. Perez*, 42 Fed. Appx. 678, 680 (6th Cir. May 7, 2002) (holding that claim for relief under Rule 60(b)(1) must be brought within time for appeal under Rule 4); *United States v. Hawkins*, 3 Fed. Appx. 327, 328 (6th Cir. Jan. 29, 2001) (same); *Gamble v. United States,* 1993 W.L. 55958, *2 (10th Cir. Mar. 1, 1993) (holding that Rule 60(b)(1) relief was not available to a section 2255 movant more than one year after the entry of the final order).

Therefore, Defendant's Motion will be denied because it is now time barred under Rule 60(b)(1) and because he has made no showing of "extraordinary circumstances" warranting remedy under Rule 60(b)(6).

---

[1] Under Eleventh Circuit practice, a certificate of appealability under 28 U.S.C. § 2253 is required to appeal the denial of a Rule 60(b) motion involving a habeas petition or section 2255 motion. *See Jackson*, 437 F.3d at 1294-95 (citing cases).

### 3. Certificate of Appealability

While it is not plain from either Rule 60 or 28 U.S.C. § 2253 that a district court should apply the certificate of appealability procedure to a Rule 60 ruling, the Court will nevertheless prudentially follow the 11th Circuit precedent which applies the procedure. In doing so, the Court reaches the same conclusion reached in *Jackson*, an essentially identical case. Giving the wording of Rule 60 and the other provisions of law applicable to the delayed filing of appeals, a certificate of appealability is unwarranted since the relief sought is not debatable among reasonable jurists nor adequate to deserve encouragement on appeal. *See Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983).

### 4. Attorney Misconduct

Attorney Paul L. Nelson's Affidavit in this case is a rare document because it readily admits gross violations of binding attorney ethical standards. Under Western District of Michigan Local Civil Rule 83.1(j), attorneys practicing in this District submit themselves to both the standards of the Michigan Rules of Professional Conduct and the discipline of both the Michigan Attorney Grievance Commission and Michigan Attorney Discipline Board.

Under Rule 1.1(c) of the Michigan Rules of Professional Conduct, "A lawyer shall not . . . (c) neglect a legal matter entrusted to the lawyer." What the assigned attorney did in this case was to neglect the legal matter assigned to him for over a year–well past the time that the Court could take any corrective action to fix consequences of the initial failure to appeal. This was done not in a typical habeas matter but in a habeas matter as to which the Court had granted a certificate of appealability given the arguable nature of the underlying habeas claims.

It is apparent that corrective action is necessary to prevent any further violations of attorney trust and professional standards in this District.[2] For this reason, the Court will refer this matter to the Michigan Attorney Grievance Commission for redress. The Court believes that such Commission is best situated to enforce professional standards because of its experience in this area. It will also provide attorney Nelson with appropriate process as to the enforcement of professional ethical standards.

Because of the reference to the Michigan Attorney Grievance Commission, the Court will also, consistent with that reference, require the immediate appointment of substitute counsel for Petitioner William Emery LeBlanc pursuant to 18 U.S.C. § 3006A(c) for good cause as explained above. New counsel shall immediately consult with the Petitioner to provide Petitioner will legal advice concerning Petitioner's legal interests and to the possible pursue an appeal of the denial of Rule 60(b) relief, as Petitioner and his counsel might see fit. The substitute appointment shall be made by the Federal Public Defender himself, consistent with the local practice of this District.

To assist the Michigan Attorney Grievance Commission in the performance of its public duties, the Clerk shall provide the Grievance Commission, together with a cover letter from the undersigned which will be provided, a certified copy of the full docket report, including confidential entries for dates after September 12, 2005, and certified copies of all docketed filings made between September 12, 2005 and this date, inclusive, expressly including the Court's Opinion and Order.

---

[2]Michigan Rule of Professional Conduct 8.3(a) provides (for the objective of protecting the public trust) that a lawyer having knowledge of a significant violation of the Rules by another lawyer shall report the same to the Attorney Grievance Commission, which objective will be accomplished through the Court's Order.

**CONCLUSION**

An Order shall issue both denying Petitioner's Rule 60(b) motion, but referring attorney Paul L. Nelson's conduct to the Michigan Attorney Grievance Commission and appointing substitute counsel for Petitioner in accordance with the practice in this District.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>October 30, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |